IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARJO INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGSBROOK JEWISH MEDICAL CENTER and RUTLAND NURSING HOME, INC.,<br><br>　　　　　Defendants. | **Complaint for a Civil Case**<br><br>Case No. |

## COMPLAINT

Plaintiff, Arjo Inc. ("Arjo"), by and through its undersigned counsel, for its Complaint against Kingsbrook Jewish Medical Center ("Kingsbrook") and Rutland Nursing Home, Inc. ("Rutland"), states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Arjo, f/k/a ArjoHuntleigh Inc., is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located in Addison, Illinois. Arjo provides products to the healthcare industry and is a trusted partner in enabling care and improving quality of life for people with reduced mobility and age-related health challenges.

2. Defendant Kingsbrook is a not-for-profit corporation organized and existing under the laws of the State of New York with its principal place of business located in Brooklyn, New York. According to its website, Kingsbrook is a comprehensive acute care hospital providing a full array of medical services including sub-specialty medicine and surgical services.

3. Defendant Rutland is a not-for-profit corporation organized and existing under the laws of the State of New York with its principal place of business located in Brooklyn, New

York. According to its website, Rutland is a long- and short-term care facility located on the Brooklyn campus of Kingsbrook Jewish Medical Center. Collectively, Kingsbrook and Rutland are referred to herein as "Defendants."

4. The Plaintiff is a citizen of Delaware and Illinois. The Defendants are both citizens of New York. The amount in controversy, without interest and costs, exceeds $75,000. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5. Defendants are subject to the jurisdiction of New York pursuant to CPLR 301 because they are both corporations organized and existing under the laws of the State of New York and both Defendants have principal places of business in New York.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391 because both Defendants are New York corporations with principal places of business located in Brooklyn, New York.

## FACTUAL BACKGROUND

7. Defendants operate medical facilities in Brooklyn, New York.

8. Arjo leased to Defendants hospital beds and certain other equipment utilized at Defendants' facilities (the "Equipment").

9. Defendants agreed to pay Arjo daily rental fees paid on a monthly basis for their use of the Equipment supplied by Arjo (the "Agreement").

10. Defendants placed orders for the Equipment with Arjo by phone.

11. The Equipment was delivered to Defendants' facilities and was utilized by Defendants in the course of their business.

12. Arjo sent monthly invoices to Defendants for the rental fees owed for the Equipment. For years, Defendants paid the invoices Arjo sent for the rental of the Equipment.

13. However, in November 2018 Defendants stopped making monthly rental payments to Arjo.  Accordingly, on April 29, 2019, Arjo sent notice to Defendants that it intended to retake possession of the Equipment.  With the consent and cooperation of Defendants, Arjo retook possession of its Equipment by the end of May 2019.

14. Defendants have failed to pay in full Arjo's invoices for the months of July 2018 through June 2019 (the "Outstanding Invoices").  As of the date of this Complaint, Defendants owe Arjo at least $221,931.10 (the "Past Due Balance") for unpaid rental fees during those months.  A statement of account reflecting the Past Due Balance is attached hereto as **Exhibit A**.  The Outstanding Invoices are attached hereto as **Exhibit B**.

15. Counsel for Arjo and Defendants have exchanged information relating to the Outstanding Invoices and the Past Due Balance.

16. In addition to providing Defendants with all Outstanding Invoices, Arjo has further provided Defendants with delivery confirmations for Equipment delivered to Defendants for which Defendants have indicated they have no records (the "Delivery Confirmations").

17. Defendants have not disputed that the Delivery Confirmations are true and accurate.

18. Defendants have failed to provide Arjo with any evidence that they have paid any of the Outstanding Invoices.

19. Instead, Defendants have provided evidence of payments for other invoices which Arjo acknowledges have been paid.

20. Arjo has made demand upon Defendants for payment of the Past Due Balance, but Defendants have not paid any portion of the amount owed.

## COUNT I
## (Breach of Contract)

21. Arjo repeats, realleges, and incorporates by reference the allegations in paragraphs 1-20 of this Complaint.

22. Arjo and Defendants entered into a valid and enforceable Agreement for the lease of the Equipment.

23. Arjo adequately performed all of its obligations under the Agreement.

24. Defendants have breached their obligations under the Agreement by failing to make all payments to Arjo required by the Agreement, including payment of the Outstanding Invoices.

25. Due to Defendants' breach, Arjo has suffered damages in an amount of at least $221,931.10, plus interest, costs, attorneys' fees and any other damages available under the Agreement.

**WHEREFORE**, Plaintiff Arjo Inc. respectfully requests that this Court enter a judgment in favor of Arjo and against Defendants in an amount of at least $221,931.10 representing the Past Due Balance, plus interest, costs, and attorneys' fees; and grant such other and further relief as this Court deems fair and equitable.

## COUNT II
## (Quantum Meruit – in the alternative)

26. Arjo repeats, realleges, and incorporates by reference the allegations in paragraphs 1-8 and 10-20 of this Complaint.

27. During the months of July 2018 through June 2019, Defendants received the use and benefit of the Equipment rental service that was provided by Arjo.

28. Arjo provided the Equipment rental service to the Defendants in good faith.

4

29. Arjo's provision of the Equipment rental service was not performed gratuitously. Defendants understood that Arjo expected payment for the goods and services provided.

30. Defendants accepted the Equipment and utilized the Equipment in the course of their business.

31. If it is determined there was no Agreement, then no contract existed governing payment terms for the Equipment rental service Arjo provided to Defendants.

32. Defendants failed to pay Arjo for the Equipment rental service provided to Defendants from July 2018 through June 2019.

33. As a result of Defendants' failure to remit payment, Defendants are liable to Arjo for the value of the goods and services Arjo provided, in the amount of $221,931.10.

**WHEREFORE**, Plaintiff Arjo Inc. respectfully requests that this Court enter a judgment in favor of Arjo and against Defendants in an amount of at least $221,931.10 representing the value of the goods and services provided to Defendants; and grant such other and further relief as this Court deems fair and equitable.

## COUNT III
### (Unjust Enrichment – in the alternative)

34. Arjo repeats, realleges, and incorporates by reference the allegations in paragraphs 1-8, 10-20 and 26-33 of this Complaint.

35. Defendants retained the Equipment Arjo provided through May of 2019 despite the fact that Defendants stopped paying Arjo's invoices.

36. Defendants' retention of the benefit of the Equipment without payment violates the fundamental principles of justice, equity and good conscience.

37. If it is determined there was no Agreement, then no contract existed governing payment for the goods and services Arjo provided to Defendants.

38. Defendants failed to pay Arjo for the Equipment provided to Defendants from July 2018 through June 2019.

39. As a result of Defendants' failure to remit payment, Defendants were enriched at Arjo's expense, and Defendants are liable to Arjo for the value of the benefit retained by Defendants, in the amount of at least $221,931.10.

**WHEREFORE**, Plaintiff Arjo Inc. respectfully requests that this Court enter a judgment in favor of Arjo and against Defendants in an amount of at least $221,931.10 representing the value of the benefit retained by Defendants; and grant such other and further relief as this Court deems fair and equitable.

## COUNT IV
### (Account Stated)

40. Arjo repeats, realleges, and incorporates by reference the allegations in paragraphs 1-39 of this Complaint.

41. Arjo and Defendants have a history of doing business relating to Arjo's lease of the Equipment at Defendants' facilities in Brooklyn, New York going back to at least 2001. This relationship demonstrates a debtor-creditor relationship.

42. Arjo presented an account to Defendants in the form of invoices.

43. Defendants made payments to Arjo in response to Arjo's invoices for many years before ceasing to make such payments in response to the Outstanding Invoices in 2018.

44. By accepting and retaining Arjo's Equipment and paying previous invoices relating to the rental of such Equipment, Defendants accepted the account as correct and agreed and promised to pay Arjo the rental fees on future invoices for the Equipment, including the Outstanding Invoices.

45. Beginning in or around November 2018, Arjo issued the Outstanding Invoices and a statement of account to Defendants reflecting agreed-upon amounts owed for the Equipment Arjo provided. The Outstanding Invoices and statement of account reflected the agreed-upon rental fees for the Equipment.

46. Defendants received and retained the Outstanding Invoices and statement of account for an unreasonable amount of time without objection. Defendants have not disputed their obligation to pay the Outstanding Invoices.

47. Arjo has demanded full payment of the outstanding amounts reflected in the Outstanding Invoices and the statement of account, in the amount of $221,931.10.

48. Despite these demands, Defendants have failed to pay Arjo the outstanding, agreed-upon amount of $221,931.10.

**WHEREFORE**, Plaintiff Arjo Inc. respectfully requests that this Court enter a judgment in favor of Arjo and against Defendants in the amount of $221,931.10 representing the Past Due Balance; and grant such other and further relief as this Court deems fair and equitable.

    Respectfully submitted,

    **ARJO INC.**

    By:   /s/ Heather L. Maly
        One of Its Attorneys

Heather L. Maly
**ICE MILLER LLP**
200 West Madison, Suite 3500
Chicago, Illinois 60606
Phone: (312) 726-8107
heather.maly@icemiller.com

4835-4079-3324.3